IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **LEON WATKINS** § | |
| **Plaintiff** § | |
| § | |
| **VS.** § | **CIVIL ACTION NO. 2:23-cv-116** |
| § | |
| § | **JURY TRIAL DEMANDED** |
| **PUMP MASTERS, INC.** § | |
| **and JAMES JEFFERY WOOD** § | |
| **Defendants** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE:

Plaintiff, LEON WATKINS, files this Original Complaint complaining of PUMP MASTERS, INC. (PMI) and JAMES JEFFERY WOOD ("Wood"), Defendants.

**I.**
**PARTIES, JURISDICTION AND VENUE**

1.  This action is brought in this Court under the provisions of 28 U.S.C. §1332(a)(1), because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.  Venue is proper in the Eastern District Court pursuant to section 28 U.S.C. 1391(b)(2) in that the collision the subject of this case occurred in Longview, Texas within the Eastern District of Texas. Defendant PMI is a corporation based in Louisiana with its principal place of business in Shreveport, Louisiana, and which maintains a presence in this district, which presence is sufficient to establish personal jurisdiction over said Defendant, and employs drivers such as Defendant Wood, who drive for PMI within the Eastern District of Texas.

3.  Parties to this suit are:

| | |
|---|---|
| Plaintiff: | Leon Watkins is a resident of 309 Starling St, Tatum, Texas 75651. |
| Defendant: | Pump Masters, Inc. is a Louisiana corporation who may be served through its Registered Agent Douglas L. Jones, 10785 Pinewood Dr., Tyler, Texas 75703, or wherever they may be found. |
| Defendant: | James Jeffery Wood is an individual residing at 13637 Widgon Rd., Keithville, LA 71047, or wherever he may be found. |

## II.
## NATURE OF THE ACTION

4. On or about July 7, 2022, Wood, driving PMI's 2009 Chevrolet K2500 truck, while in the course and scope of his employment with PMI, traveled northbound on Estes Parkway in Longview, Texas in the outside left turn lane. Plaintiff Watkins, on his 2002 Yamaha motorcycle, also traveled northbound on Estes Parkway though in the inside straight lane. Wood became distracted by the instructions from the PMI vehicle's global positioning system (GPS). Without warning or provocation to the traveling public, Wood chose to suddenly change lanes from the outside northbound lane to the inside northbound lane directly in front of Plaintiff Watkins. To avoid being run over by Wood in PMI's large truck, Plaintiff Watkins was forced to move into the outside lane which then caused him to lose control of his motorcycle and crash. Plaintiff Woods suffered severe and debilitating injuries.

5. At the time of the collision in question, Wood acted within the course and scope of his employment with PMI while driving PMI's vehicle. Wood's negligence proximately caused Plaintiff Watkins to crash and suffer severe and debilitating injuries.

6. At the time of the collision, Wood was negligent in the manner in which he operated PMI's vehicle in that he (1) chose not to pay proper attention to the traffic around him; and (2) chose to make a sudden, unsafe lane change into the path of Plaintiff Watkins. Each act of negligence proximately caused the serious crash and traumatic injuries to Plaintiff Watkins.

7. PMI is legally liable for Wood's negligent acts pursuant to the theories of *respondeat superior* and vicarious liability. At all times material hereto, Wood was employed by PMI, and was acting at its direction and for its benefit and was engaged in accomplishing a task for which he was employed by PMI.

8. Whenever it is alleged in this Complaint that Defendant PMI did any act or thing, it is meant that Defendant PMI's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of Defendant PMI, or was done in the normal routine course of the agency or employment of Defendant PMI.

### III.

9. Upon information and belief, Plaintiff believes Wood caused similar incidents in the past, thereby rendering him an <u>unsafe driver</u>. Defendant PMI's choice to continually employ Wood and entrust a PMI vehicle to him, rather than develop, implement, train and/or enforce a safe-hiring and safe-driving program for its drivers constituted a systems failure amounting to negligence and gross negligence; both of which were a proximate cause of this collision and Plaintiff's injuries.

10. Plaintiff alleges that Defendant PMI was negligent and grossly negligent in the hiring, training, and supervision of Defendant Wood—an *unqualified*, *improperly-trained*, and *improperly-supervised* employee—and in the entrustment of the subject vehicle to Defendant Wood while he acted in the course and scope of his employment, agency, or servitude of PMI at the time of this wreck.

11. Ensuring that its commercial drivers are qualified, properly trained, and properly supervised is axiomatic as a safety rule applicable to PMI and all similarly-situated companies to

ensure the safety of the traveling public on the streets and highways of Texas.

13. PMI knew or should have known of this crucial safety rule. Despite its actual and constructive knowledge of this safety rule, PMI, acting through his agents, representatives, and vice principals, chose not to comply with or follow this safety rule.

**V.**

13. Plaintiff Watkins was 44 years old at the time of the collision in question. He will continue to experience the effects of thereof for the remainder of his life. He was healthy and enjoyed an active lifestyle. As a result of the negligent and careless actions of Defendants, Plaintiff Watkins suffered serious injuries to his wrist and arm, knees and legs, and body generally. Defendants' actions caused such injuries to Plaintiff Watkins and/or aggravated previous injuries, if any, causing additional injuries to Plaintiff.

14. Plaintiff Watkins seeks damages which will reasonably and fairly compensate him for the following losses:

   a. Past and future physical pain and mental anguish, meaning the conscious physical pain and emotional pain, torment and suffering, experienced by him as a result of the occurrence in question;

   b. Medical expenses, meaning the medical expenses which have been incurred on behalf of the medical care for Plaintiff. Watkins in the past, and which will in reasonable probability be incurred in the future;

   c. Loss of earning capacity;

   d. Physical impairment, both past and future; and

   e. Physical disfigurement, both past and future.

## PRAYER

15. Plaintiff requests that the Defendants be cited to appear and answer, and that on final trial Plaintiff recover:

    a. All actual, economic, compensatory, and exemplary damages in an amount in excess of the minimum jurisdictional limits of the Court;

    b. Prejudgment and post-judgment interest at the legal rate, costs of court, and

    c. Such other and further relief as Plaintiff may be entitled to receive.

## JURY DEMAND

16. Plaintiff makes a demand for a jury trial in accordance with Federal Rules of Civil Procedure 38.

    Respectfully submitted,

    ERSKINE & McMAHON, L.L.P.
    P. O. Box 3485
    Longview, Texas 75606
    Telephone: (903)757-8435
    Facsimile: (903)757-9429

    /s/ Chad F. Newman
    Chad F. Newman
    State Bar No. 24067796
    chadn@erskine-mcmahon.com
    Blake C. Erskine
    State Bar No. 06649000
    blakee@erskine-mcmahon.com
    ATTORNEYS FOR PLAINTIFF